UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>DYE, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-00222-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

    Plaintiff Curtis Renee Jackson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant complaint on February 20, 2014. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 3, 2014. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Registered Nurse ("RN") Dye and Licensed Vocational Nurse ("LVN") L. Mills as Defendants in this action. On May 18, 2013, at approximately 9:00 a.m. at Pleasant Valley State Prison ("PVSP"), Plaintiff sought medical treatment at the Facility C Clinic due to extreme stomach pain. Plaintiff immediately approached LVN L. Mills and explained in detail the medical conditions he was experiencing. Mills insisted Plaintiff fill out and complete the health care service request form-CDC 7362. In response, Plaintiff insisted upon seeing an RN or doctor because he felt something was terribly wrong. Mills conferred with RN Dye who informed Mills that Plaintiff must complete the required health care service request form.

Plaintiff immediately completed the form and then returned to his housing unit. Two hours later, Plaintiff urinated a large amount of blood and he immediately returned to the Facility C Clinic.

1 Plaintiff advised RN Dye that he was urinating blood and was in pain.  Dye instructed Plaintiff to
2 complete and submit the health care service request form.
3 　　　　ON May 21, 2013, at approximately 8:00 a.m. Plaintiff went to the clinic in excruciating pain
4 (he cannot remember if he was ordered to the clinic or whether he went on his own).  Plaintiff was
5 examined by RN Arola who conducted a urinalysis test that revealed a urinary tract infection.  Plaintiff
6 was taken to the prison's main hospital for further testing and treatment.  Upon his arrival, Plaintiff
7 was given various different types of medication.

## III.

## DISCUSSION

### A.    Deliberate Indifference to Serious Medical Need

11 　　　　While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
12 care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to
13 an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled
14 in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.
15 Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
16 Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition
17 could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that
18 "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing
19 Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act
20 or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the
21 indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind
22 is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d
23 at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.
24 　　　　Here, even assuming that Plaintiff's urinary tract infection qualifies as a "serious medical
25 need," Plaintiff fails to plausibly allege that Defendants purposefully ignored this condition, or that
26 their conduct amounted to anything more than, at best, negligence.  Further, any delay in treatment
27 was brief and there are no facts to support that such delay was purposefully inflicted.  Plaintiff's
28 factual allegations do not support an inference that it was unreasonable for Defendants to follow

3

prison procedures and require Plaintiff to fill out a medical request form before being seen by a doctor or other medical professional. Accordingly, Plaintiff fails to state a cognizable claim for relief. The Court will grant Plaintiff leave to amend to cure the deficiencies just noted and set forth facts which show Defendants acted with deliberate indifference to his serious medical needs.

### B. State Law Negligence

Plaintiff also contends that Defendants were medically negligent in failing to treat him.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008) (internal quotations and citation omitted).

The Court need not address the viability of Plaintiff's state law claim because it will not exercise supplemental jurisdiction over any state law claim unless and until Plaintiff states a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041,

1046 (9th Cir. 1994). "When … the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing compliance with the CTCA, i.e., a timely and sufficient state law claim as against each of the Defendants, and Plaintiff is notified if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 30, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 22, 2014**

UNITED STATES MAGISTRATE JUDGE